# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**THOMAS JONES,**                                                                            **PETITIONER**

**v.**                                                **No. 3:17CV98-MPM-JMV**

**RON KING, ET AL.**                                                        **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Thomas Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Jones has responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Petitioner Thomas H. Jones is currently in the custody of the Mississippi Department of Corrections and housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. He was convicted of sexual battery of a child under fourteen in the Circuit Court of Tunica County, Mississippi. Jones was sentenced on December 12, 2012, to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections. *See* Exhibit B.[1]

On July 15, 2014, the Mississippi Court of Appeals affirmed Jones' judgment of conviction and sentence. *See Jones v. State*, 149 So. 3d 1060 (Miss. Ct. App. 2014), *reh'g denied*, October 28, 2014 (Cause No. 2012-KA-02031). After his petition for rehearing was denied, he did not seek timely

---

[1] The exhibits in the instant memorandum opinion may be found attached to the State's motion to dismiss.

discretionary review in state court by filing a petition for writ of certiorari to the Mississippi Supreme Court. *See* Miss. R. App. P. 17.

The records of the Mississippi Supreme Court reflect that Jones' application for post-conviction relief challenging his conviction for sexual battery of a child under the age of fourteen was signed on July 9, 2015, and stamped as "filed" in the Mississippi Supreme Court on July 14, 2015. *See* Exhibit D (application without exhibits). On October 14, 2015, the Mississippi Supreme Court denied Jones' application for lack of merit. *See* Exhibit E.

Mr. Jones filed several motions after the denial of his application for leave to proceed, and the Mississippi Supreme Court treated these as motions for reconsideration. *See* Exhibit F (docket in Cause No. 2015-M-1054). The Mississippi Supreme Court dismissed these motions on November 17, 2015, and January 13, 2016, respectively, under Miss. R. App. P. 27(h) as not properly before the court. *See* Exhibit G. Mr. Jones filed another "Supplemental Pleading" a year later on February 10, 2017, which was likewise dismissed as not properly before the court under Miss. R. App. P. 27(h). *See* Exhibit H.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Jones did not seek the final step of discretionary review; as such, he "stopped the appeal process" and waived his right to pursue review in the United States Supreme Court. *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Hence, Jones' conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his petition for rehearing was denied. *See* M.R.A.P. 17(b) (allowing fourteen (14) days to file a petition for writ of certiorari in state court after rehearing is denied). Thus, the initial deadline for Mr. Jones to seek federal *habeas corpus* relief became November 11, 2014 (October 28, 2014 + 14 days).

The limitations period was, however, tolled during his pursuit of post-conviction collateral relief for a period of 97 days (July 9, 2015 to October 14, 2015), and Jones' petition became due on or before February 16, 2016 (November 11, 2015 + 97 days). *See* 28 U.S.C. § 2244(d)(2); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). None of Mr. Jones' other pleadings tolled the limitations period, as none of them were "properly filed motions for post-conviction or other collateral relief" *See Larry v. Dretke,* 361 F.3d 890, 893 (5th Cir. 2004) (quoting *Artuz v. Bennett,* 531 U.S. 4 (2000)

(holding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable law and rules governing filings")).

**Equitable Tolling**

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely

filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

In this case, Mr. Jones has submitted the sworn statement of Christina Rodriguez, who alleges that Elizabeth Jones, rather than Thomas Jones, sexually assaulted the young victim. Ms. Rodriguez avers that Ms. Jones confessed this to her on December 1, 2011 (before the trial). Ms. Rodriguez also states that Mr. Jones' attorney had spoken to another person, who told him that someone had paid the jury to return a guilty verdict. Ms. Rodriguez states that Mr. Jones' attorney had relayed this information to her. Ms. Rodriguez gave her sworn statement on May 15, 2015. It is unclear when she provided the statement to Mr. Jones.

Ms. Rodriguez's statement contains nothing but hearsay: information purportedly relayed to her by the victim's mother and the victim herself. In addition, the statement is suspect for several reasons. First, neither of these purported witnesses has come forward with this information. Presumably, if the victim knew that her father was innocent of the charges, she would have provided her own statement to that effect, rather than merely suggest that Ms. Rodriguez do so. In addition, if Mr. Jones' attorney had discovered credible evidence of bribes to jurors in the case, then he is under an ethical obligation to report this fact to the court and law enforcement authorities. There is no evidence that he has done so. Neither did the statement reveal who offered such a bribe, which jurors accepted the bribe, nor why anyone would go to such lengths to ensure Mr. Jones' conviction. No part of this statement rises to the level of an extraordinary occurrence that prevented Mr. Jones from bringing the claim before state or federal

courts. As such, the statement cannot support a request for equitable tolling of the *habeas corpus* limitations period.

**Actual Innocence**

In his response to the State's motion to dismiss, the petitioner raises a claim of actual innocence – the statement of Ms. Rodriguez discussed above. The Supreme Court has yet to definitively resolve whether there is a federal Constitutional right to be released upon proof of actual innocence. § 6:17. Freestanding claim of actual innocence, Postconviction Remedies. As Chief Justice Roberts noted,

> Whether such a federal right exists is an open question. We have struggled with it over the years, in some cases assuming, *arguendo,* that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet. *House[v. Bell],* 547 U.S., at 554–555, 126 S.Ct. 2064; *Herrera [v. Collins],* 506 U.S., at 398–417, 113 S.Ct. 853; see also *id.,* at 419–421, 113 S.Ct. 853 (O'Connor, J., concurring); *id.,* at 427–428, 113 S.Ct. 853 (Scalia, J., concurring); Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L.Rev. 142, 159, n. 87 (1970).

*Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71–72, 129 S. Ct. 2308, 2321, 174 L. Ed. 2d 38 (2009). The Supreme Court has since held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383 (2013). To state a valid claim of actual innocence, a petitioner bears the burden of persuasion to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond reasonable doubt." *Id*. at 386.

The petitioner, however, offers as proof of his innocence only the hearsay statement of a witness whose relationship to him is unclear. Such "conclusory allegations do not raise a

constitutional issue in a *habeas* proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Thus, the petitioner is not entitled to *habeas corpus* relief based upon his claims in the instant petition.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 23, 2017, and the date it was received and stamped as "filed" in the district court on February 28, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 373 days after the February 16, 2016, filing deadline. As discussed above, Mr. Jones has not established that "rare and exceptional" circumstances exist to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). Similarly, he has not made a viable claim of actual innocence. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, 11th day of February, 2019.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**